UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| Ali C., | File No. 25-CV-4615 (JMB/LIB) |
| Petitioner, | |
| v. | |
| Kristi Noem, *Secretary, U.S. Department of Homeland Security*; Todd M. Lyons, *Acting Director, Immigration and Customs Enforcement*; Sam Olson, *Field Office Director, Fort Snelling Field Office, U.S. Immigration and Customs Enforcement*; [1] and David Isais, *Jail Commander, Sherburne County Jail*; | ORDER |
| Respondents. | |

---

Mai Neng Moua, Mai N. Moua Law Office, Minneapolis, MN, for Ali C.

Ana H. Voss and Justin Merak Page, United States Attorney's Office, Minneapolis, MN, for Respondents Kristi Noem, Todd M. Lyons, Sam Olson, and David Isais.

---

This matter is before the Court on Petitioner Ali C.'s Petition for Writ of Habeas Corpus ("Petition") under 28 U.S.C. § 2241. (Doc. No. 1 [hereinafter, "Pet."].) Respondents Kristi Noem, Todd. M. Lyons, Sam Olson, and David Isais (together "Respondents") oppose the Petition. For the reasons explained below, the Court grants the Petition to the extent it seeks an order requiring that Ali C. be provided a bond hearing.

---

[1] Respondents note that David Easterwood, Acting Field Office Director, ICE St. Paul Field Office, should be substituted for Sam Olson, and that the Department of Homeland Security should be added.

1

## BACKGROUND

Ali C., a native and citizen of Somalia, entered the United States through the southern border around August 2022. (Pet. ¶¶ 77–78.) Upon entry, he was apprehended by immigration authorities and issued a Notice to Appear. (*Id.* ¶ 78–79.) Ali C. was eventually released under Order of Release on Recognizance, and he complied with the terms of release. (*Id.* ¶ 79.) The Department of Homeland Security (DHS) then failed to prosecute Ali C. by failing to properly commence removal proceedings. (*Id.* ¶ 80.) In January 2023, Ali C. filed a petition for Special Immigrant Juvenile Status with the United States Citizenship and Immigration Services (USCIS), which USCIS approved in June 2023, granting deferred action for four years. (*Id.* ¶ 82–83.) In December 2025, Ali C. was stopped and detained by ICE officers on his way to work. (*Id.* ¶ 23.) Respondents issued a Notice to Appear charging removability under sections 212(a)(6)(A)(i) and 212(a)(7)(A)(i)(I) of the Immigration and Nationality Act. (Doc. No. 10 ¶ 6.) Ali C. remains in ICE detention at the Sherburne County Jail in Elk River, MN. (Pet. ¶ 2.)

On December 12, 2025, Ali C. filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. (Pet.) Ali C. seeks immediate release or a bond hearing pursuant to section 1226(a). (*Id.* at 31, ¶ 2.) Ali C. also seeks a variety of additional relief, including various declaratory judgments: that Respondents' actions violate the Due Process Clause of the Fifth Amendment, the Suspension Clause, the Immigration and Nationality Act, the Administrative Procedure Act, and federal regulations. (*Id.* at 32, ¶ 5.) On December 16, 2025, Ali C. also filed an emergency motion seeking a temporary restraining order (TRO) and preliminary injunction to enjoin Respondents from moving him outside of the District

of Minnesota during the duration of this action, and to require Respondents to release him from custody. (Doc. No. 6 at 2.) The Court granted Petitioner's TRO in part, enjoining Respondents from removing him from this District. (Doc. No. 7.)

## DISCUSSION

Respondents argue that Ali C.'s habeas claims fail because 8 U.S.C. § 1225(b) makes his detention mandatory. For the reasons discussed below, the Court concludes that Ali C. is entitled to a bond hearing pursuant to section 1226(a)(1) because section 1225(b) is not applicable to him. The Court grants Ali C.'s Petition in part.[2]

A writ of habeas corpus may be granted to any person who demonstrates he is in custody in violation of the Constitution or laws of the United States. 28 U.S.C. § 2241(c)(3); *Aditya W.H. v. Trump*, 782 F. Supp. 3d 691, 702 (D. Minn. 2025). The right to challenge the legality of a person's confinement through a petition for a writ of habeas corpus "extends to . . . immigration-related detention." *Deng Chol A. v. Barr*, 455 F. Supp. 3d 896, 900–01 (D. Minn. 2020) (citation omitted). The petitioner bears the burden of proving that his detention is illegal by a preponderance of evidence. *Jose J.O.E. v. Bondi*, No. 25-CV-3051 (ECT/DJF), 2025 WL 2466670, at *5 (D. Minn. Aug. 27, 2025) (citing *Aditya W.H.*, 782 F. Supp. 3d at 703).

---

[2] Because a bond hearing is the primary relief available under 28 U.S.C. § 2241, the Court declines to address the remaining relief requested, including relief under the Due Process Clause of the Fifth Amendment, the Suspension Clause, the Immigration and Nationality Act, and the Administrative Procedure Act. In addition, to the extent that the Petition also challenges the legal basis for Ali C.'s arrest, the Court declines to address this requested relief because neither the Petition nor the Emergency Motion for TRO develops an argument that Ali C.'s December 1, 2025 arrest was unlawful, separate and apart from the challenged legal basis for his continued detention without a bond hearing.

The fundamental question raised in this case is whether Ali C. is an applicant for admission under section 1225(b), or a noncitizen residing in the United States under section 1226. Respondents argue that because Ali C. is a noncitizen who is present in the United States without having been admitted, he is an "applicant" for admission under section 1225(b) and therefore subject to mandatory detention under section 1225(b)(2). (Doc. No. 9 at 2.) Courts have overwhelmingly rejected Respondents' interpretation that section 1225(b)(2) requires the mandatory detention of all noncitizens living in the country who are "inadmissible" because they entered the United States without inspection. *See, e.g.*, *Belsai D.S.*, 2025 WL 2802947, at *5–6 (collecting cases); *Jose Andres R.E. v. Bondi*, No. 25-CV-3946 (NEB/DLM), 2025 WL 3146312, at *1 n.2 (D. Minn. Nov. 4, 2025) (collecting cases). This Court also finds Respondents' interpretation unpersuasive.

When interpreting a statute, "every clause and word of a statute should have meaning." *United States ex rel. Polansky v. Exec. Health Res., Inc.*, 599 U.S. 419, 432 (2023) (internal quotation marks omitted) (quoting *Montclair v. Ramsdell,* 107 U.S. 147, 152 (1883)). Noncitizens who have been residing in the United States but who entered without inspection have not, historically, been considered to still be "arriving" under section 1225(b). This is because the statute itself states that, in order to apply, several conditions must be met; specifically, an immigration officer must determine that the noncitizen "is an applicant for admission . . . seeking admission . . . [and] not clearly and beyond a doubt entitled to be admitted." 8 U.S.C. § 1225(b)(2)(A). Determining the plain meaning of the statute requires consideration of the tense of the verb "is" and the present participle "seeking." Here, section 1225(b)(2) applies to persons who presently are

4

applicants for admission and who presently are seeking admission at the time of their detention. To be seeking admission means to be seeking entry, which "by its own force implies a coming from outside." *United States ex rel. Claussen v. Day*, 279 U.S. 398, 401 (1929). In this case, Ali C. has been residing in the United States and is, therefore, not currently "seeking admission" into the United States. Moreover, the federal government has not treated Ali C. as an applicant for admission: USCIS granted him Special Immigrant Juvenile status and deferred action. *See, e.g.*, *Rodriguez v. Perry*, 747 F. Supp. 3d 911, 916 (E.D. Va. 2024) (concluding that the award of Special Immigrant Juvenile status "converted [the petitioner] from being an arriving alien to an alien present in the United States"); *De Almeida Oliveira v. Hyde*, No. 25-cv-13733-FDS, 2025 WL 3653826, at *2 (D. Mass. Dec. 17, 2025) (same). Respondents' decision to defer action for four years renders inapplicable section 1225(b) because Ali C. can no longer be accurately characterized as currently "seeking admission" during the deferral period.

In addition, Respondents' interpretation of 1225(b)(2) renders superfluous other immigration laws. Specifically, interpreting section 1225(b)(2) as applying to noncitizens who have already entered the country and are not currently seeking admission into the country, as Respondents urge, would render meaningless a recent amendment to section 1226 by the Laken Riley Act (LRA). The LRA added new categories of noncitizens subject to mandatory detention under section 1226(c), and one such category was for noncitizens lacking valid documentation *and* who have been charged with or convicted of certain crimes. *See* 8 U.S.C. § 1226(c)(1)(E)(i)–(ii). But if Respondents' interpretation of section 1225 were correct, then there would have been no need for the LRA to create these

5

additional categories because all noncitizens who are present in the United States and have not been admitted would have already been ineligible for bond under section 1225(b)(2)(A).

The Court also agrees with those courts that have found that Respondents' interpretation of section 1225(b) is "at odds with both the relevant legislative history and longstanding agency practice." *Belsai D.S.*, 2025 WL 2802947, at *7; *see, e.g.*, *Maldonado*, 2025 WL 2374411, at *11–12 (discussing the longstanding practice of noncitizens who resided in the United States, but who had entered without inspection, as being treated subject to section 1226(a)).

Therefore, because section 1225(b) is inapplicable to Ali C., he is subject to the provisions of section 1226, which "sets forth a discretionary process for the apprehension and detention of aliens who are already present in the United States and eligible for removal." *Selvin Adonay E.M. v. Noem*, No. 25-CV-3975 (SRN/DTS), 2025 WL 3157839, at *3 (D. Minn. Nov. 12, 2025). Pursuant to section 1226(a), Ali C. is entitled to a bond hearing. 8 U.S.C. § 1226(a)(1)(2); *see also Belsai D.S.*, 2025 WL 2802947, at *5–6; *Jose Andres R.E.*, 2025 WL 3146312, at *1 n.2. For these reasons, the Court finds that Ali C.'s detention is governed by section 1226(a), and he is not subject to section 1225(b)'s mandatory detention.

## ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT Petitioner Ali C.'s Petition for a writ of habeas corpus is GRANTED in part as follows:

1. Respondents must immediately provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a), and in any event, on or before December 24, 2025.

2. If Respondents do not provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) as required herein, Petitioner must be immediately released from detention.

3. On or before December 26, 2025, Respondents shall provide the Court with a status update concerning the results of any bond hearing conducted pursuant to this Order, or if no bond hearing was held, advise the Court regarding Petitioner's release.

4. Respondents shall not remove, transfer, or otherwise facilitate the removal of Petitioner from the District of Minnesota prior to compliance with Paragraphs 1–3 of this Order.

5. To the extent Petitioner seeks additional relief, the Petition is denied.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: December 22, 2025                     /s/ *Jeffrey M. Bryan*
                                             Judge Jeffrey M. Bryan
                                             United States District Court